JOHN E. MURPHY
United States Attorney
Western District of Texas
CLAYTON R. DIEDRICHS
Assistant United States Attorney
Colorado State Bar No. 16833
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Telephone: (210) 384-7310
Facsimile: (210) 384-7312
clayton.diedrichs@usdoj.gov
ATTORNEYS FOR DEFENDANT

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARMINA GUERRERO, on her behalf and on behalf of her minor children, A.U.H, and M.H.; Janeth Guerrero, on her behalf, and on behalf of her minor son, J.C.V.; Reyna Guerrero, on her behalf and on behalf of her minor son, R.G.; Ines Lugo, on her behalf and on behalf of her grandson, F.G.; Guadalupe Tanabe; Carlos La Madrid; Susana Guerrero<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL ACTION NO. 4:10-cv-666-TUC-DCB<br><br><br><br><br><br><br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW the UNITED STATES OF AMERICA, Defendant, by and through the United States Attorney for the Western District of Texas, and for its Answer to Plaintiffs' Complaint herein admits, denies, and alleges as to the enumerated paragraphs of Plaintiffs' Complaint as follows:

1.	In response to Plaintiffs' Paragraph 1, the Defendant admits that Plaintiffs assert the Federal Tort Claims Act, 28 U.S.C. §1346(b) as the basis of jurisdiction for their action but would state that whether it is an appropriate basis is a question of law best left to the sound judgment of this Court and does not require a response, but to the extent that a response is required, Defendant denies the allegations.

Defendant admits that venue is proper in the District of Arizona pursuant to 28 U.S.C. §1402(b) because all of the alleged acts occurred within the District of Arizona.

2.	In response to Plaintiffs' Paragraph 2, the Defendant lacks sufficient knowledge to either admit or deny the Plaintiffs' citizenship resident alien status. Further, Defendant lacks sufficient knowledge to either admit or deny the Plaintiffs' current residence. To the extent that a response is required, the allegation is denied.

Defendant admits that the search warrant was executed by federal employees acting within the course and scope of their federal employment.

3.	In response to Plaintiffs' Paragraph 3, Defendant admits that on November 23, 2009 the United States received an administrative claims. The claims were formally denied on May 14, 2010.

4.	In response to Plaintiffs' Paragraph 4, the Defendant admits that at approximately 6:00 am on November 4, 2009 it executed a search warrant issued by a federal magistrate judge to search the home at 1415 20th St, Douglas, Arizona. The remainder of the allegations are denied.

5.	In response to Plaintiffs' Paragraph 5, the Defendant admits that the search warrant was executed by U.S. Customs and Border Protection officers, Immigration and customs

Enforcement officers, Border Patrol Tactical unite, and agents from several other agencies. Defendant denies any involvement by the U.S. Drug Enforcement Agency. All remaining allegations are denied.

    6.    In response to Plaintiffs' Paragraph 6, the Defendant admits that the agents executing the warrant and providing perimeter security were armed with appropriate personnel protection devices and weapons. All remaining allegations are denied.

    7.    In response to Plaintiffs' Paragraph 7, the Defendant admits that no female agents were on the entry team, but denies that there were no female agents at the scene. Defendant specifically denies that it knew or should've known that all adult persons within the home were female. Defendant further denies that six children were present in the home, as only five minor children were encountered during the execution of the warrant. All remaining allegations are denied.

    8.    In response to Plaintiffs' Paragraph 8, the Defendant admits Inez Lugo was encountered first. Defendant has insufficient knowledge to either admit or deny the health of Inez Lugo and consequently denies the allegation. All remaining allegations are denied.

    9.    In response to Plaintiffs' Paragraph 9, the Defendant admits that agents entered Carmina Guerrero's bedroom, but denies all remaining allegations of the paragraph.

    10.    In response to Plaintiffs' Paragraph 10, the Defendant denies the allegations.

    11.    In response to Plaintiffs' Paragraph 11, the Defendant admits that Carmina Guerrero was given clothing but deny that she was handcuffed. All remaining allegations are denied..

    12.    In response to Plaintiffs' Paragraph 12, the Defendant denies the allegations.

    13.    In response to Plaintiffs' Paragraph 13, the Defendant admits that agents entered

Susana Guerrero's room but denies the remaining allegations.

14. In response to Plaintiffs' Paragraph 14, the Defendant admits that agents entered Reyna Guerrero's room but denies the remaining allegations.

15. In response to Plaintiffs' Paragraph 15, the Defendant denies that anyone had an asthma attack. A certified Emergency Medical Technician (EMT) was present and available to provide care to anyone requiring such. All remaining allegations are denied.

16. In response to Plaintiffs' Paragraph 16, the Defendant denies the allegations.

17. In response to Plaintiffs' Paragraph 17, the Defendant lacks sufficient knowledge to either admit or deny the time that Guadalupe Tanabe woke up, consequently this allegation and all remaining allegations are denied.

18. In response to Plaintiffs' Paragraph 18, the Defendant admits Francisco Guerrero was in the same room as Guadalupe Tanabe, but denies the remaining allegations.

19. In response to Plaintiffs' Paragraph 19, the Defendant denies the allegations.

20. In response to Plaintiffs' Paragraph 20, the Defendant lacks sufficient knowledge to either admit or deny whether Francisco Guerrero was asleep or what he was thinking. Defendant denies that Francisco Tanabe acted terrified. Defendant denies the remaining allegations.

21. In response to Plaintiffs' Paragraph 21, the Defendant lacks sufficient knowledge to either admit or deny whenCarlos La Madrid woke up or whether he saw people running outside or heard voices at approximately 5:00am as the search warrant was not executed until approximately 6:00 am, consequently such allegations are denied. Defendant denies the remaining allegations.

22. In response to Plaintiffs' Paragraph 22, the Defendant denies the allegations.

23. In response to Plaintiffs' Paragraph 23, the Defendant denies the allegations.

24. In response to Plaintiffs' Paragraph 24, the Defendant denies for lack of knowledge what Janeth Guerrero's marital status or mental condition. Defendant admits that Janeth Guerrero was sleeping in the same room with Julio Cesar Valdivia,. but denies all remaining allegations.

24(sic). In response to Plaintiffs' second numbered Paragraph 24, the Defendant denies for lack of knowledge what Janeth Guerrero's medical condition was or the cause of any medical condition. Defendant denies for lack of knowledge with whom Janeth Guerrero was sleeping. Defendant lack sufficient knowledge to either admit or deny the medical conditions suffered by Julio Cesar Valdivia. Defendant all remaining allegations.

25. In response to Plaintiffs' Paragraph 25, the Defendant denies the allegations.

26. In response to Plaintiffs' Paragraph 26, the Defendant denies the allegations.

27. In response to Plaintiffs' Paragraph 27, the Defendant denies the allegations.

28. In response to Plaintiffs' Paragraph 28, the Defendant denies for lack of knowledge the temperature but admits that Susana was placed in a separate vehicle.  All remaining allegations are denied.  .

29. In response to Plaintiffs' Paragraph 29, the Defendant admits that that a Border Patrol canine was used to secure the storage shed, but denies the remaining allegations.

30. In response to Plaintiffs' Paragraph 30, the Defendant admits that occupants of the property were told that the agents were executing a search warrant and that the residents would not be able to re-enter until the search was completed.  Defendant denies the remaining allegations.

31. In response to Plaintiffs' Paragraph 31, the Defendant admits that Francisco Guerrero was allowed to leave the area, but denies the remaining allegations.

32. In response to Plaintiffs' Paragraph 32, the Defendant admits that Reyna Guerrero was placed in a marked Border Patrol vehicle, but deny that she acted terrified or that she was screaming. Admit that she was tol that a search warrant was being executed and that they could not return until the search was completed. Defendant denies the remaining allegations.

33. In response to Plaintiffs' Paragraph 33, the Defendant admits Reyna Guerrero and the other family members were allowed to depart. Defendant denies that they were in shorts or barefoot. Defendant lacks sufficient knowledge to either admit or deny where the family members went. Defendant denies the remaining allegations.

34. In response to Plaintiffs' Paragraph 34, the Defendant denies the allegations.

35. In response to Plaintiffs' Paragraph 35, the Defendant admits that Guadalupe Tanabe, Ines Lugo, Carlos La Madrid, and the minors were placed in a van and that Guadalupe Tanabe, Carlos La Madrid, and Francisco Guerrero was allowed to depart but deny that Francisco Guerrero was barefoot. Deny that anyone remained in the van for three or four hours. Admit that the occupants were told that they would not be permitted to return to the home until the search was completed. All remaining allegations are denied.

36. In response to Plaintiffs' Paragraph 36, the Defendant denies the allegation.

37. In response to Plaintiffs' Paragraph 37, the Defendant denies the allegation.

38. In response to Plaintiffs' Paragraph 38, the Defendant denies the allegation.

39. In response to Plaintiffs' Paragraph 39, the Defendant admits that Janeth Guerrero was in a van with her son and mother and that Janeth Guerrero was told that she could depart. Deny that Ines Lugo was not allowed to enter the van. Defendant denies the remaining allegations.

40. In response to Plaintiffs' Paragraph 40, the Defendant denies the allegation.

41. In response to Plaintiffs' Paragraph 41, the Defendant admits that the residence of

the home were allowed back in when the search was completed but denies that, with the exception of a hole in the ceiling, there was any property damage.  Defendant denies the remaining allegations.

    41(sic). In response to Plaintiffs' second numbered Paragraph 41, the Defendant admits that a copy of the second search warrant was left in the residence. Defendant further admits that receipts and prperty were seized as evidence as documented on a Form 6051.  Defendant denies that money was taken.  Defendant denies the remaining allegations.

    42.    In response to Plaintiffs' Paragraph 42, the Defendant denies the allegation.

    43.    In response to Plaintiffs' Paragraph 43, the Defendant denies the allegation.

    44.    In response to Plaintiffs' Paragraph 44, the Defendant denies the allegation.

    45.    In response to Plaintiffs' Paragraph 45, the Defendant denies the allegation.

    46.    In response to Plaintiffs' Paragraph 46, the Defendant denies the allegation.

    47.    In response to Plaintiffs' Paragraph 47, the Defendant denies the allegation.

    48.    In response to Plaintiffs' Paragraph 48, the Defendant denies the allegation.

    49.    In response to Plaintiffs' Paragraph 49, the Defendant denies the allegation.

    50.    In response to Plaintiffs' Paragraph 50, the Defendant denies the allegation.

    51.    In response to Plaintiffs' Paragraph 51, the Defendant denies the allegation.

    52.    In response to Plaintiffs' Paragraph 52, the Defendant denies the allegation.

    53.    In response to Plaintiffs' Paragraph 53, the Defendant denies the allegation.

    54.    In response to Plaintiffs' Paragraph 54, the Defendant denies the allegation.

    55.    In response to Plaintiffs' Paragraph 55, the Defendant denies the allegation.

    The remaining allegations of Plaintiffs' Complaint contain a prayer for relief to which no answer is required, but to the extent one may be deemed necessary, Defendant denies that Plaintiff

is entitled to the requested relief, or to any relief whatsoever.

To the extent necessary, where not admitted, denied or qualified, Defendant denies each and every remaining allegation contained in Plaintiffs' Complaint.  Furthermore, Defendant asserts the following Affirmative Defenses to the allegations contained in Plaintiffs' Original Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim against the United States upon which relief can be granted.

2. Plaintiffs may not recover in excess of the amount claimed in their administrative claim.

3. Plaintiffs are not entitled to pre-judgment interest or punitive damages pursuant to 28 U.S.C. § 2674.

4. Defendant is not liable for Plaintiffs' alleged injuries to the extent that another actor or actors' negligence was an intervening or superceding cause of the alleged injuries.

5. Defendant's liability, if any, should be reduced in proportion with its percentage of responsibility, if any.

6. Defendant is not liable for Plaintiffs' alleged injuries to the extent that another actor or actors had the last clear chance of avoiding the alleged injuries.

7. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a Jury against the United States.

8. Plaintiff is not entitled to an award of costs except as provided for by 28 U.S.C. § 2412.

9. Defendant is not liable for Plaintiffs' alleged injuries to the extent that Plaintiffs

failed to mitigate same.

10. This Court lacks subject matter jurisdiction to consider Plaintiffs' claims under 28 U.S.C. § 2680.

11. Plaintiffs have failed to state a claim under state law for which the United States, if a private person, could be held liable.

12. Plaintiffs' fail to state a claim to the extent that Arizona Revised Statute 13-400 et seq., protects law enforcement officers from civil liability.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, the United States of America, prays that upon final hearing thereof, the Court will enter judgment in favor of the Defendant and against the Plaintiff in all things, and dismiss the above-styled and numbered cause in its entirety with prejudice, awarding the Defendant costs, if any, and all such other and further relief, at law or in equity, to which the Defendant may show itself to be justly entitled.

Respectfully submitted this 28th day of February, 2011

**JOHN E. MURPHY**
UNITED STATES ATTORNEY


By:/s/ *Clayton R. Diedrichs*
**CLAYTON R. DIEDRICHS**
Assistant U.S. Attorney
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of February, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jesus R. Romo Vejar, Esq.
Priscilla Frisby, Esq
Jesus R. Romo Vejar, P.C..
177 N. Church Ave., Suite 200
Tucson, AZ 85701
Attorneys for Plaintiff

                                              */s/ Clayton R. Diedrichs*
                                              **CLAYTON R. DIEDRICHS**
                                              Assistant United States Attorney