WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| CARMINA GUERRERO, on her behalf and on behalf of her minor children, A.U.H., and M.H.; Janeth Guerrero, on her behalf and on behalf of her minor son, J.C.V.; Reyena Guerrero, on her behalf and on behalf of her minor son, R.G.; Ines Lugoo, on her behalf and on behalf of her minor grandson, F.G.; Guadalupe Tanabe; Carlos La Madrid; Susana Guerrero,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV4:10-666-TUC-DCB<br><br>**ORDER** |

Plaintiffs filed their Complaint on November 9, 2010. Defendant filed an Answer. The Court held a scheduling conference and set the case management deadlines, with discovery to end October 1, 2011, and dispositive motions due October 15, 2011. On October 17, 2011, the Defendant filed a Motion to Dismiss for Lack of Jurisdiction. Defendant argued the Plaintiffs' tort claims against federal agents for using excessive force in executing a search warrant at their home fall within the discretionary function exception to the Federal Tort Claims Act. On May 31, 2012, the Court denied the Defendant's Motion to Dismiss, but ordered the Plaintiffs to file an Amended Complaint to state their underlying

state tort claims. The Plaintiffs filed an Amended Complaint on June 18, 2012,[1] and on August 17, 2012, the Defendant filed a Motion to Dismiss/Motion for Summary Judgment.

The motion is untimely. In this Court, it is the filing of a Pretrial Order and the setting of a Pretrial Conference which identifies a case is ready to proceed to trial. On May 31, 2012, when the Court denied the Defendant's first Motion to Dismiss, the Court directed the parties to file a Pretrial Order because discovery had closed and the dispositive motions deadline was past. The Pretrial Order was, accordingly, filed on July 20, 2012, and on July 26, 2012, the Court set a Pretrial Conference for August 27, 2012. The dispositive motion filed on August 17, 2012, is therefore untimely and filed without leave of the Court. After a case is set for a pretrial conference, it shall not be continued except as justice requires. LR Civ 40.2(b).

The Court has reviewed the Motion to Dismiss for Lack of Jurisdiction filed by Defendant on October 17, 2011, which it denied, in comparison to the motion being urged now: the Motion to Dismiss and Motion for Summary Judgment for Lack of Subject Matter Jurisdiction. Defendant supports both with an identical exhibit 1, the search warrant documents, an exhibit 2, Clinton Stoddard's Declaration of October 14, 2011, and the same Statement of Facts. The argument in the memorandums are the same, which is that all of the Defendant's conduct is covered by the discretionary function exception to the FTCA because all of the alleged claims were the result of balancing safety concerns related to executing the search warrant. While the Court accepted that "safety decisions made by law enforcement

---

[1]The Amended Complaint, filed by the Plaintiffs on June 18, 2012, was required because the original Complaint failed to identify the underlying state tort claim violations. The original Complaint alleged only facts, damages, and relief sought. Plaintiffs only asserted generally a cause of action under the Federal Tort Claims Act. The Amended Complaint is identical to the original Complaint in its factual allegations, except for the omission of allegations made by Carlos La Madrid, now deceased. Like the original Complaint, the Amended Complaint alleges facts supporting jurisdiction under the FTCA because it states facts, which if proven to be true, would exclude Defendant from the protection afforded by the discretionary function exception to liability for tortious conduct under the FTCA.

1 agents related to the use of force to enter and secure the premises clearly fall within the
2 discretionary function," (Doc. 33: Order at 10), the Court found that the conduct which
3 allegedly occurred, thereafter, during the seizure of the individual women and children, their
4 detention and the search to be intertwined with the substantive question of whether there was
5 excessive use of force and a determination of the relevant facts. This remains true for the
6 Motion to Dismiss/Motion for Summary Judgment urged now.

7 To the extent the Motion to Dismiss/Motion for Summary Judgment seeks
8 reconsideration, "[t]he Court will ordinarily deny a motion for reconsideration of an Order
9 absent a showing of manifest error or a showing of new facts or legal authority that could not
10 have been brought to its attention earlier with reasonable diligence. Any such motion shall
11 point out with specificity the matters that the movant believes were overlooked or
12 misapprehended by the Court, any new matters being brought to the Court's attention for the
13 first time and the reasons they were not presented earlier, and any specific modifications
14 being sought in the Court's Order. No motion for reconsideration of an Order may repeat
15 any oral or written argument made by the movant in support of or in opposition to the motion
16 that resulted in the Order. Failure to comply with this subsection may be grounds for denial
17 of the motion." LR Civ 7.2(g)(1). Absent good cause shown, and motion for reconsideration
18 shall be filed no later than fourteen (14) days after the date of the filing of the Order that is
19 the subject of the motion." LR Civ 7.2(g)(2). The Defendant ignores these rules for
20 reconsideration.

21 The Motion to Dismiss and Motion for Summary Judgment for Lack of Jurisdiction,
22 treated here as a Motion for Reconsideration, is untimely pursuant LR Civ. 7.2(g).
23 /////
24 /////
25 /////
26 /////
27
28

1 Additionally, as a dispositive motion, it is untimely under LR Civ 40.2(b) because the case
2 is set for a pretrial conference on August 27, 2012.
3    **Accordingly,**
4    **IT IS ORDERED** that the Motion to Dismiss and Motion for Summary Judgment
5 (Doc. 39) is DENIED as untimely.
6    DATED this 28th day of August, 2012.

David C. Bury
United States District Judge